# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALVIN RAY JOHNSON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-629-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Alvin Ray Johnson, TDCJ # 768868, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

### C.  FACTUAL AND PROCEDURAL HISTORY

In September 19, 1995, Johnson was charged by indictment with murder in the 213th District

Court of Tarrant County, Texas. (State Habeas R. at 85.)  A jury found Johnson guilty of the charged

offense and, on November 8, 1996, assessed his punishment at ninety-nine years' confinement.  (*Id*.

at 86.)  On April 2, 1998, the Second District Court of Appeals of Texas affirmed the trial court's

judgment.  *Johnson v. Texas*, No. 2-97-113-CR, slip op. (Tex. App.–Fort Worth Apr. 2, 1998) (not

designated for publication).  Johnson did not file a petition for discretionary review in the Texas

Court of Criminal Appeals.  (Petition at 3.)  On April 7, 2006, Johnson filed an application for writ

of habeas corpus in state court challenging his conviction, which was denied without written order

by the Texas Court of Criminal Appeals on the findings of the trial court on June 7, 2006.  *Ex parte*

*Johnson*, Application No. WR-64,781-01, at cover.  Johnson filed this federal petition for writ of

habeas corpus on August 31, 2006.  As ordered, Quarterman has filed a preliminary response

addressing only the issue of limitations, to which Johnson has replied.

## D.  ISSUES

Johnson raises six grounds for relief .  (Petition at 7-8b.)

## E.  STATUTE OF LIMITATIONS

Quarterman argues that Johnson's petition should be dismissed with prejudice as time-

barred.  (Resp't Preliminary Response at 4-5.)  28 U.S.C. § 2244(d) imposes a one-year statute of

limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section

2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time for seeking
> > such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Johnson's conviction became final upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on May 2, 1998, and closed on May 2, 1999, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Johnson's state habeas application filed after expiration of the federal limitations period did not operate to toll the running of the federal period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[1] Nor has Johnson demonstrated that he is entitled to tolling as a matter

---

[1]Contrary to his assertion, Johnson has not demonstrated that he was impeded by any unconstitutional state action in filing his federal petition for purposes of invoking § 2244(d)(1)(B). Further, Johnson's allegation that he did not learn of counsel's death until December 2005 does not aid him in invoking § 2244(d)(1)(D). This information could have been discovered years earlier had Johnson used due diligence.

of equity.  The doctrine of equitable tolling is generally appropriate in two distinct situations:  where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Coleman v. Johnson*, 148 F.3d 398, 402 (5th Cir. 1999).

Johnson alleges he is actually innocent of the offense and raises a plethora of excuses for his late filing, including the inaction and death of his attorney, the prison's confiscation of his legal records in 1999, difficulty obtaining records, a prison rule prohibiting inmates from using the telephone to determine case or attorney status, and the prison's failure to provide inmates with legal directories of licensed attorneys.  It is the law of this circuit that a claim of actual innocence does not justify equitable tolling of the limitations period.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Further, many of Johnson's excuses are common problems among inmates who are trying to pursue postconviction habeas relied and do not justify equitable tolling.  Finally, even assuming Johnson's attorney said he would file a state habeas application on Johnson's behalf in 1998, attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.  *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002).  Counsel died in 1999. (State Habeas R. at 70.)  It was Johnson's obligation to keep himself informed of the status of his case, especially where counsel inexplicably waited for so long.  There is no evidence that Johnson attempted to or could not contact his attorney or the state courts earlier in order to learn if a state habeas application had been filed and the status of the application.  In other words, Johnson was not prevented in some extraordinary way from asserting his rights. *See Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *3 (5th Cir. 2002) (not selected for publication in the Federal Reporter)*, cert. denied*, 538 U.S. 1038 (2003).  In any event, the doctrine of equitable tolling is not applied

where, as here, a petitioner has failed to pursue habeas relief diligently. *Alexander v. Cockrell*, 294

F.3d 626, 629 (5th Cir. 2002).  Johnson claims he diligently pursued habeas relief after he learned

in December 2005 that his attorney had died, however, as previously mentioned, this information

could have been discovered years earlier if Johnson had used due diligence.

Johnson's federal petition was due on or before May 2, 1999; thus, his petition filed on

August 31, 2006, is over seven years late.

## II.  RECOMMENDATION

Johnson's petition for writ of habeas corpus should be dismissed with prejudice as time-

barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

mserved with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until February 15, 2007.  The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 15, 2007,

to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED January 25, 2007.


　　　　　　　　　　　　  /s/   Charles Bleil
　　　　　　　　　　　　CHARLES BLEIL
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


6