IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALVIN RAY JOHNSON,  §<br>    Petitioner,   §<br>                   §<br>VS.                §   CIVIL ACTION NO.4:06-CV-629-Y<br>                   §<br>NATHANIEL QUARTERMAN, Director, §<br>T.D.C.J., Correctional    §<br>Institutions Division,     §<br>    Respondent.    § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
    (With special instructions to the clerk of Court)

In this action brought by petitioner Alvin Ray Johnson under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.  The pleadings and record;

2.  The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 25, 2007; and

3.  The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 20, 2007.[1]

The Court, after <u>de novo</u> review, finds and determines that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that this petition be deemed time-barred, Johnson

---

[1] According to Johnson's certificate, placed in the mail on February 11, 2007.

again contends that he is entitled to equitable tolling of the limitations period because he was not aware for several years that his attorney had died in 1999, and thus failed to seek habeas corpus relief on his behalf.  In support of his claim to equitable tolling, Johnson filed, after the Court's receipt of the magistrate judge's report, a "Motion Requesting Court to Direct Clerk to File Affidavit Attached to Stricken Record," by which he seeks permission to file a Second Proffer of Evidence, with the attached January 2, 2007, Affidavit of Shelly Roberts. The respondent did not respond to this motion.  Thus, the Court concludes that the motion should be granted to the extent the clerk of Court will be directed to file the "Second Proffer of Evidence" and note on the docket that it shall be construed as a supplement to the petition for relief under 28 U.S.C. § 2254.

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[2] The burden is on the petitioner--here, Johnson--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[3] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

---

[2] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[3] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

2

of action or is prevented in some extraordinary way from asserting his rights.'"[4]

Johnson contends that attorney Robert Lynn McCrarey assured him, and according to the affidavit of Johnson's daughter, Shelly Roberts, told her in 1998, that he intended to file a petition for post-conviction relief.  Roberts also alleges that McCrarey told her in 1999 that he had filed such a petition. No such petition was filed and McCrarey died in March 1999. Although an attorney's intentional deceit could warrant equitable tolling if the party shows reliance on a deceptive misrepresentation, mere attorney negligence does not warrant equitable relief.[5] The Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it: `[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[6] Although Johnson contends he was misled, he has not alleged that he relied on a particular deceptive misrepresentation. Rather, Johnson alleges he relied upon general statements by counsel of intent to file, but that counsel did not do so, which is essentially a claim of attorney error or neglect.

---

[4]*Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),c*ert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[5]*United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002)(noting that since a prisoner has no right to counsel during post-conviction proceedings, ineffective assistance of counsel is irrelevant to the tolling decision), *cert den'd,* 529 U.S. 952 (2003).

[6]*Id.*

3

Furthermore, in order to invoke equitable relief, a petitioner must show that he pursued collateral relief with diligence.[7] Johnson claims that he did not learn of counsel's death until December 2005, and then began taking the steps to prepare a state application for writ of habeas corpus, which he filed in April 2006. Johnson alleges he wrote the Tarrant County district clerk "several times," to inquire about any writ, and states he never received a reply. But such general assertions and conclusions are not sufficient evidence to support any findings that Johnson was diligent throughout the nearly seven years between when counsel died and Johnson's alleged awareness of the death. Johnson does not identify the dates of any such inquiries or provide copies of any letters or mail receipts. Furthermore, Johnson's allegation that the knowledge of counsel's death is the event that triggered his own efforts to prepare a writ application indicates that Johnson was relying upon counsel all of that time, rather than directly taking the requisite steps to insure that a writ application was filed. Johnson's failure to either file a writ application pro se, or to attempt to contact his counsel during the intervening years, reflects a lack of diligence necessary to warrant equitable tolling. Johnson's objection based upon equitable tolling is overruled.

Therefore, the Motion Requesting Court to Direct Clerk to File

---

[7] *See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)("[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 . . . ."), *citing Patterson,* 211 F.3d at 930.

Affidavit [docket no. 21] is GRANTED to the extent the "Second Proffer of Evidence" with attached Affidavit of Shelly Roberts should be filed this same date. The clerk of Court is directed to remark on the docket entry of the Second Proffer of Evidence that such document is construed as a supplement to the petition under 28 U.S.C. § 2254.

The findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Alvin Ray Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254, as supplemented, is DISMISSED WITH PREJUDICE.

SIGNED March 22, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE